UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


ROBERT F. PACHECO,            )
                              )
            Petitioner,       )    CIVIL ACTION NO.
                              )    09-10304-DPW
v.                            )
                              )
GARY RODEN,                   )
                              )
            Respondent.       )


                        MEMORANDUM AND ORDER
                          December 8, 2011

     After unsuccessfully appealing his convictions for rape and armed robbery in Massachusetts state courts--where the last decision on the merits simply incorporated by reference pages of the Commonwealth's brief to explain its decision, *see infra* note 1 and accompanying text--Petitioner Robert F. Pacheco now seeks a federal writ of *habeas corpus*.  He argues that he is entitled to federal relief on two grounds: (1) that the trial judge gave an unconstitutional jury instruction defining reasonable doubt, and (2) that appellate counsel provided ineffective assistance in failing to raise the trial judge's constitutionally deficient instructions regarding the elements of the rape and robbery offenses.  Because the grounds advanced by the Petitioner were procedurally defaulted in the state courts, I will deny habeas relief.

# I. BACKGROUND

## A. *Factual Background*

Under 28 U.S.C. § 2254(e)(1), factual determinations made by state courts are presumed correct absent clear and convincing evidence to the contrary. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). This presumption applies to factual findings made by both state trial and appellate courts. *Teti v. Bender*, 507 F.3d 50, 58 (1st Cir. 2007). The following facts are drawn from the summary of evidence recounted by the Massachusetts Appeals Court:

> On the afternoon of March 6, 1976, the victim, a seventeen year old college student who has been blind from birth, walked from her home to a drug store in Plymouth to make some purchases. She paid for her purchases with a five dollar bill and put three one dollar bills in change in her purse. As she left the store, at about 4:30 P.M., a man offered to assist her to another store. Instead of taking her to the store, the man led her to a secluded spot in a wooded park known as the Jenny Grist Mill pond area which she was able to identify from the sound of a waterwheel. The man was identified at trial as the defendant by five witnesses, including one of his relatives, all of whom saw him on the street with the victim [at] about 4:30 P.M. and one of whom testified that she saw the defendant lead the blind girl into the park. The victim argued with the man as to what was going on. He told her that he wanted to have sex with her and that he had a knife. He led her into the woods repeating what he wanted to do to her sexually. At one point he said he loved her and he attempted to hug her. Eventually, the man threw her to the ground, took her belongings, including her cane, glasses, and purse, and had forced intercourse with her. When she resisted, he became violent, choked her and repeatedly hit her in the face. After that he said he would be back to kill her. Altogether she was in his presence for more than an hour. She testified that he talked incessantly during the entire episode. She got up and made her way to a street by listening to the traffic. There, a passing motorist with whom she was acquainted stopped and took her to the police station. She told the police that her assailant wore a

> denim coat and had long hair and an unshaven face. From the
> police station she was taken to a hospital for treatment.
> She suffered various injuries, was bleeding and had bruises.
> There was medical evidence that she had just recently had
> intercourse. On the following morning a police officer
> examined the scene and found the victim's cane, glasses and
> her purse. There were twenty-six cents left in the purse;
> the currency was missing.

*Commonwealth v. Pacheco*, 421 N.E.2d 1239, 1241-42 (Mass. App. Ct. 1981).

## B.   *Procedural History*

On March 6, 1976, Petitioner was indicted by a Plymouth County grand jury for kidnaping, rape, armed robbery, and assault and battery. On March 7, 1977, a jury found him guilty on all charges. Petitioner appealed his rape and armed robbery convictions, contending that the trial judge erred in (1) denying his motion for a directed verdict of not guilty on the armed robbery charge; (2) denying two pretrial motions to suppress; (3) denying his request to call an additional witness at the suppression hearing and exempting the chief investigating police officer from the sequestration order during that hearing; and (4) refusing to have him evaluated prior to sentencing as a possible sexually dangerous person. *Pacheco*, 421 N.E.2d at 1241. On June 16, 1981, the Massachusetts Appeals Court found no error and affirmed the convictions. *Id*. The Massachusetts Supreme Judicial Court subsequently denied further appellate review. *Commonwealth v. Pacheco*, 384 Mass. 816, 816-17 (1981).

3

On July 19, 1985, Petitioner moved for a new trial. The motion remained pending until August 6, 2004, when Petitioner filed an amended and substituted motion for a new trial raising three claims: (1) that the trial judge had given an unconstitutional jury instruction defining reasonable doubt; (2) that the trial judge was biased; and (3) that appellate counsel provided ineffective assistance by failing to appeal the trial judge's improper jury instructions regarding the elements of rape and armed robbery. The Plymouth Superior Court denied the motion on May 18, 2005.

On March 14, 2008, the Massachusetts Appeals Court affirmed the denial in a Memorandum under Rule 1.28, the Court's summary disposition rule, "for substantially the reasons stated in the Commonwealth's brief at pages eleven through forty-nine." *Commonwealth v. Pacheco*, 882 N.E.2d 871 (Table), No. 06-P-1488, 2008 WL 696448, at *1 (Mass. App. Ct. March 14, 2008).[1] The

---

[1] I note this is the fourth time in five months that I have confronted the Appeals Court practice of "subcontracting to the prosecution all or . . . a portion of its explication of the reasons for its decisions. As I observed in the [three] prior cases,
> [w]hile I recognize that the Appeals Court, like many courts, has a demanding caseload, shorthand references to the briefing of a party as a grounds for decision does not encourage the appearance of independent judgment fundamental to a court's legitimacy. Nevertheless, this expedient does constitute a judgment by the state court on the merits of the issue."

*Burke v. Spencer*, No. 05-12266, 2011 WL 5882183, at *3 n.2 (D. Mass. Nov. 23, 2011) (quoting *Exhilhomme v. Spencer*, No. 08-10552, 2011 WL 3759219, at *12 n.10 (D. Mass. Aug. 24, 2011)

4

Commonwealth's brief at those pages contended that all three claims failed under the substantial risk of a miscarriage of justice standard. The substantial risk of a miscarriage of justice standard is employed when, as here, a defendant fails to raise an issue at the first appropriate time, be that by objection at trial or on direct appeal. *Commonwealth v. Wright*, 584 N.E.2d 621, 624 (Mass. 1992); *Commonwealth v. Young*, 775 N.E.2d 441, 442-43 (Mass. App. Ct. 2002).

Petitioner filed an application for further appellate review challenging the denial of his new trial motion regarding the jury instructions defining reasonable doubt and armed robbery, but not as to rape. On April 30, 2008, the Supreme Judicial Court denied further appellate review. *Commonwealth v. Pacheco*, 885 N.E.2d 835 (Mass. 2008) (Table). On October 14, 2008, the Supreme Court denied certiorari. *Pacheco v. Massachusetts*, 129 S. Ct. 415 (2008). Petitioner thereafter filed this application for a writ of *habeas corpus*.[2]

---

(quoting *Jones v. Pepe*, No. 07-10032, 2011 WL 2971956 at *8 n.8 (D. Mass. July 20, 2011))).

[2] Petitioner's thirty-five year old 1976 state court conviction is eligible for federal habeas review despite the one year statute of limitations introduced in 1996 by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). "For prisoners like [Petitioner], whose state convictions became final before AEDPA was passed, the limitations period commenced on AEDPA's effective date, April 24, 1996. Thus, absent tolling, [Petitioner] had until April 24, 1997, to file a petition under § 2254." *Currie v. Matesanz*, 281 F.3d 261, 264 (1st Cir. 2002) (citing *Gaskins v. Duval*, 183 F.3d 8, 9 (1st Cir. 1999)). In

5

## II. ANALYSIS

### A. *Procedural Default*

Habeas review is available to individuals in state custody only where federal claims were "adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d). When the state court reaches a decision on an "independent and adequate state-law ground," federal review is precluded. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Phoenix v. Matesanz*, 189 F.3d 20, 24 (1st Cir. 1999). "This rule applies whether the state law ground is substantive or procedural." *Coleman*, 501 U.S. at 729. Thus, independent and adequate grounds exist "where a state court declined to hear [the federal claims] because the prisoner failed to meet a state procedural requirement," *Phoenix*, 189 F.3d at 24 (internal quotation omitted) (alteration in original), or, in other words, where the defendant has procedurally defaulted.

However, "a procedural default does not bar consideration of a federal claim on . . . habeas review unless the last state court rendering a judgment in the case 'clearly and expressly'

---

Petitioner's case, the limitations period was tolled at AEDPA's effective date because a "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim [was] pending," 28 U.S.C. § 2244(d)(2), this "application for . . . collateral review" being Petitioner's motion for a new trial. The motion is deemed to have been pending until the Supreme Court denied his petition for a writ of certiorari on October 14, 2008, "thus extinguishing the possibility of appellate review under the governing state procedures." *Id*. at 266. Therefore, Petitioner had until October 14, 2009, to file his application for habeas relief.

states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989) (internal quotation omitted). Petitioner contends that the Massachusetts Appeals Court judgment failed to make such a statement clearly and expressly because it not only referenced the procedural bar, but also incorporated a detailed analysis of the merits of his claims.

Petitioner misunderstands the nature of the state court's analysis by incorporation. The Massachusetts Appeals Court appears to have considered the merits of the federal claims only in order to determine whether Petitioner was procedurally barred from raising the defective jury instructions after his counsel failed to object at trial. The Appeals Court's "ruling amounted to nothing more than a decision that [Petitioner] would not be absolved from his procedural default under its miscarriage of justice review." *Gunter v. Maloney*, 291 F.3d 74, 79 (2002).

Miscarriage of justice review under Massachusetts law "does not itself create independent rights in habeas petitioners." *Id*. The First Circuit has held numerous times that "[t]he mere fact that a state appellate court engages in a discretionary, and necessarily cursory, review under a 'miscarriage of justice' analysis does not in itself indicate that the court has determined to waive an independent state procedural ground for affirming the conviction." *Tart v. Commonwealth of*

7

*Massachusetts*, 949 F.2d 490, 496 (1st Cir. 1991). *See, e.g.*, *Gunter*, 291 F.3d at 80; *Puleio v. Vose*, 830 F.2d 1197, 1200 (1st Cir. 1987); *McCown v. Callahan*, 726 F.2d 1, 3 (1st Cir. 1984); *Gibson v. Butterworth*, 693 F.2d 16, 17 (1st Cir. 1982). In this case, the analysis from the Commonwealths's brief incorporated by reference in the Massachusetts Appeals Court decision does not alter the decision's clear and express reliance on a state procedural bar.

Petitioner contends that the holding in *Columna v. DuBois*, No. CIV. A. 95-10995-MLW, 1996 WL 590736 (D. Mass. 1996) provides guidance.[3] In state proceedings in *Columna*, the Massachusetts Appeals Court had cited *Commonwealth v. Gagliardi*, 638 N.E.2d 20 (Mass. 1994), as a basis for its denial of the defendant's appeal. *Columna*, 1996 WL 590736, at *2. The federal habeas decision in *Columna* described *Gagliardi as* "involv[ing], among other things, a detailed analysis by the Massachusetts Supreme Judicial Court of the constitutionality of the trial judge's reasonable doubt instruction." *Id*. The federal *Columna* decision concluded that because the Appeals Court may have relied on that analysis, it had not clearly and expressly stated that its judgment rested on procedural default. *Id*.

---

[3] Petitioner also cites *Perkins v. Russo*, C.A. No. 02-10460-MLW, 2007 WL 2507741 (D. Mass. 2007). *Perkins*, however, does not discuss procedural default at all, and is therefore inapposite.

8

*Columna*, as relevant here, was effectively abrogated by *Simpson v. Matesanz*, 175 F.3d 200 (1999), in which the First Circuit stated that it "view[ed] *Gagliardi* as yet another example of the routine application of SJC review under a 'miscarriage of justice' standard." *Id*. at 208. Any substantive review of the merits of the defendant's claim in *Gagliardi* (and, by reference, in *Columna*), was only conducted within the context of considering the procedural default. *Simpson* made clear that the state procedural rule discussed in *Gagliardi* qualified as an independent and adequate state ground for denial of the appeal and of any subsequent application for writ of *habeas corpus*. *Id*. at 208-09. After *Simpson*, *Columna* provides no support for Petitioner's theory.

## B. Application of the "Clairvoyance Exception" to the Reasonable Doubt Instruction Claim

Waiver based on a defendant's failure to object to a claimed judicial error at trial only constitutes an independent and adequate state ground to uphold the conviction "if the state has a contemporaneous objection rule and consistently enforces that rule." *Id*. at 206 (citing *Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977)). "Massachusetts has such a contemporaneous objection rule," *id*., but Petitioner argues that his claim regarding the reasonable doubt instruction falls under an exception to that rule that the Massachusetts Appeals Court has called the

9

"clairvoyance exception." *Commonwealth v. Miranda*, 490 N.E.2d 1195, 1999 (Mass. App. Ct. 1986) (labeling the exception). Petitioner's argument seems to be that if the state court is held to have applied the procedural bar in the instant case, that application is inconsistent with the "clairvoyance exception" and therefore fails to provide an independent and adequate state ground to deny his claim regarding the reasonable doubt instruction.

The "clairvoyance exception" to the contemporaneous objection rule finds expression in *Commonwealth v. Stokes*, 374 N.E.2d 87 (1977). *Stokes* anchors a line of cases in which the Supreme Judicial Court has chosen not to apply the contemporaneous objection rule where the trial court erred in violation of a constitutional principle that (1) was made retroactive upon or after being established, *id*. at 91; and (2) was not "sufficiently developed at the time of the petitioner's trial and appeal to afford the petitioner a genuine opportunity to raise his claim," *DeJoinville v. Commonwealth*, 408 N.E.2d 1353, 1354-55 (Mass. 1980). To apply waiver and refuse review of the claim in such a situation "would be tantamount to requiring clairvoyance on the part of defense counsel." *Stokes*, 374 N.E.2d at 91-92.[4]

---

[4] It bears noting that, unlike in Massachusetts collateral attack procedure, federal collateral attack under § 2254 affords no role for "clairvoyance." Under the federal habeas corpus

Petitioner argues that at the time of his trial and appeal, he could not have been aware that the reasonable doubt instruction was constitutionally deficient in its improper use of the term "moral certainty," because the deficiency was only later established in *Cage v. Louisiana*, 498 U.S. 39 (1990); *Estelle v. McGuire*, 502 U.S. 62 (1991); *Victor v. Nebraska*, 511 U.S. 1 (1994); and *Gaines v. Matesanz*, 272 F.Supp.2d 121 (D. Mass. 2003). He contends that "the substantial nature of the right involved in a deficient reasonable doubt instruction is unquestionable," and that due to the developments in the doctrine subsequent to his trial and appeal, the state court should have reviewed his claims.

Petitioner ignores, however, that the Massachusetts Appeals Court, by reference to the Commonwealth's brief, implicitly considered the issue and found the "clairvoyance exception" inapplicable here. The Commonwealth's brief examined in great detail the decisions and arguments that should have made Petitioner aware of his claim regarding the reasonable doubt instruction by the time of his direct appeal, long before the

---

regime, the touchstone is the state of federal constitutional law at the time the relevant state court adjudication on the merits is rendered, even if the federal constitutional law is modified shortly thereafter. *Greene v. Fisher*, No. 10-637, slip op. at 4-6 (U.S. Nov. 8, 2011), 132 S.Ct. --, -- (2011). *See also* 28 U.S.C. § 2244(b)(2)(A) (permitting a claim that "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.").

11

Supreme Court decided the cases cited by Petitioner.[5]  Based on these decisions and arguments, it appears the Appeals Court concluded that Petitioner should have known about the claim, and was therefore afforded a "genuine opportunity" to raise it on direct appeal.  He did not do so, and therefore waived the argument for the purposes of subsequent appeals and collateral attack, irrespective of any "clairvoyance exception" recognized by the state courts.

Although Petitioner has established that a "clairvoyance exception" exists in the state courts, he does not demonstrate that the Appeals Court's conclusion that the exception does not apply here was erroneous in some manner cognizable in federal habeas corpus proceedings.  Petitioner has not shown that either the "clairvoyance exception" or the contemporaneous objection

---

[5]  The Supreme Judicial Court provided the space for lower courts to make such a finding in *Commonwealth v. Therrien*, 703 N.E.2d 1175 (1988), when it asserted that "[t]here is merit to the Commonwealth's argument" that "the defendant's claim should be deemed waived because problems associated with moral certainty language were foreshadowed well before the defendant's prior postconviction motions" and then cited decisions stretching back long before the Supreme Court's decision in *Cage*.  *Id*. at 1176 n.4.  The Supreme Judicial Court even went so far as to state that it "disagree[d] with the implication inherent in *Simpson v. Matesanz*, 29 F.Supp.2d 11 (D.Mass. 1998), that the problems associated with 'moral certainty' language were not foreshadowed prior to the decision in *Cage v. Louisiana*."  *Id*.
    For my own part, I note that in 1988 when addressing a problematic Massachusetts state court reasonable doubt instruction given in 1973, I explored at length the problems associated with "moral certainty" language in Massachusetts and federal court jury charges.  *See Smith v. Butler*, 696 F.Supp.748 (D. Mass. 1988).

rule has been applied inconsistently.  In short, he fails to establish that the contemporaneous objection rule is not an independent and adequate state ground basis to deny his claim regarding the trial judge's instruction on reasonable doubt.[6]

## C. *Ineffective Assistance of Appellate Counsel Regarding Rape and Armed Robbery Instructions*

Although the Massachusetts Appeals Court concluded that Petitioner's claims regarding the trial judge's allegedly deficient instructions on the rape and armed robbery offenses were barred by procedural default, this Court may nonetheless review those claims[7] if Petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.  Petitioner argues

---

[6] I note that even if I were to reach the claim under the rubric of ineffective assistance of counsel, I would nevertheless decline to find the purported error in the reasonable doubt instruction sufficient to support federal habeas corpus relief. I am satisfied that the United States Supreme Court case law upon which Petitioner seeks to rely does not establish that failure to grant a new trial because of the use of "moral certainty" language in the jury instructions was unreasonable in Petitioner's case.  *See generally Exilhomme v. Spencer*, No. 08-10552, 2011 WL 3759219, at *8-10 (D. Mass. Aug. 24, 2011)

[7] Petitioner's claim of ineffective assistance of appellate counsel regarding the rape instruction is not properly before this Court.  Petitioner did not raise this claim in his application for further appellate review by the Supreme Judicial Court.  S.A. 441-60.  Claims omitted by a habeas petitioner from such an application are unexhausted. *Clements v. Maloney*, 485 F.3d 158, 168 (1st Cir. 2007).  However, this Court may reach the merits of an unexhausted claim such as Petitioner's in order to deny the writ.  28 U.S.C. § 2254(b)(2); *Duncan v. Walker*, 533 U.S. 167, 191 (2001).  I will do so here.

13

that the ineffective assistance of his appellate counsel was the cause of his failure to appeal the rape and armed robbery instructions.[8]  The ineffective assistance of counsel may be deemed the "cause" of procedural default, but only if the assistance was "so ineffective as to violate the federal Constitution." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). The same standard applies to a claim of ineffective assistance of appellate counsel.  *See Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Gunter*, 291 F.3d at 81.

The constitutional standard regarding ineffective assistance of counsel was set out by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, Petitioner "must show that counsel's performance was deficient" and involved "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. To determine whether this showing has been made, "[t]he question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011).  Second, Petitioner "must show that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687.  The federal habeas court must ask

---

[8] Petitioner's trial counsel failed to object to the instructions.  Thereafter, his appellate counsel did not raise the issue on direct appeal.

14

whether, if the allegedly incompetent act had not been committed, "it is 'reasonably likely' the result would have been different." *Harrington*, 131 S.Ct. at 792.

In applying the *Strickland* standard to appellate representation, a reviewing Court must recognize that "[a]ppellate counsel is not required to raise every non-frivolous claim, but rather selects among them to maximize the likelihood of success on the merits." *Lattimore v. Dubois*, 311 F.3d 46, 57 (1st Cir. 2002). Thus, Petitioner must "show[] that a particular nonfrivolous issue was clearly stronger than issues that counsel did present." *Palmer v. United States*, No. 02-1181, 2002 WL 31008557, at *10 (1st Cir. 2002) (Per Curiam) (quoting *Smith v. Robbins*, 528 U.S. at 288). This is quite difficult where "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

Federal court analysis of the issues is extremely deferential to the state court analysis previously conducted or deemed to have been conducted. While establishing ineffective assistance of counsel under *Strickland* is "never an easy task," *Padilla v. Kentucky*, 130 S.Ct. 1473, 1485 (2010), "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both highly deferential, and when

15

the two apply in tandem, review is doubly so." *Harrington*, 131 S.Ct. at 788 (internal citations omitted). Under federal habeas corpus review of a claim of ineffective assistance by counsel in a state proceeding, "[t]he question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*.

The Massachusetts Appeals Court's conclusions as expressed by the Commonwealth's brief were not contrary to, or an unreasonable application of, the standard set out by *Strickland*. In the Commonwealth's appellate brief, it was contended that (1) there was no error in the jury instructions because the judge did alert the jury to the essential elements of the crimes charged and (2) since the sole defense was identification, any error in the judge's instructions regarding the definition of the crimes did not pose a substantial risk of a miscarriage of justice.[9] These were the reasons that the Appeals Court incorporated in its decision. *Pacheco*, 2008 WL 696448, at *1.

---

[9] The Appeals Court utilized the substantial risk of a miscarriage of justice standard because ineffective assistance of counsel was raised in the context of waiver. "[I]f an omission of counsel does not present a substantial risk of a miscarriage of justice . . . there is no basis for an ineffective assistance of counsel claim under the Federal or the State Constitution." *Commonwealth v. Curtis*, 632 N.E.2d 821, 826 n.4. The Appeals Court further opined that "[t]he Federal standard used in deciding the seriousness of the harm caused by counsel's error differs little, if at all, from the standard of a substantial risk of a miscarriage of justice." *Id*.

16

Although Petitioner contends that the instructions were missing some of the elements of rape and armed robbery, Petitioner does not show that any such error in the instructions met the substantial risk of a miscarriage of justice standard. Petitioner therefore fails to demonstrate that the alleged errors could possibly have been the basis of a successful appeal. Thus, Petitioner does not demonstrate that this claim was stronger than the claims that counsel did appeal.

Most importantly for present purposes, Petitioner does not demonstrate that anything in the Appeals Court's imputed analysis of these issues was contrary to or an unreasonable application of clearly established federal law. Petitioner has therefore failed to show cause to excuse his procedural default.

### III. CONCLUSION

For the reasons stated herein, I GRANT Respondent's motion to dismiss the petition for writ of *habeas corpus* as to all claims.


*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE